**UNITED STATES of America,**
**Appellee,**

v.

**Charles A. GRAVENHORST, a/k/a Justin Foxe, a/k/a Andrew Graf, a/k/a agraf603, a/k/a justinnh, a/k/a justinnh2001, Defendant, Appellant.**

**No. 03–2057.**

United States Court of Appeals,
First Circuit.

Heard June 9, 2004.

Decided July 27, 2004.

Jay Markell, for appellant.

F. Mark Terison, Senior Litigation Counsel, with whom Paula D. Silsby, United States Attorney, was on brief, for appellee.

Before TORRUELLA and HOWARD, Circuit Judges, and STEARNS,* District Judge.

* Of the District of Massachusetts, sitting by designation.

PER CURIAM.

Charles A. Gravenhorst appeals from several convictions stemming from his attempts to use the Internet to induce minors to engage in unlawful sexual conduct with him. We affirm.

We describe the evidence in the light most favorable to the verdict. *See United States v. Echeverri,* 982 F.2d 675, 676 (1st Cir.1993). Gravenhorst resided in Concord, New Hampshire, from 1999 through 2002. While living in Concord, he established several email accounts under various aliases.

In 2001 and 2002, Gravenhorst used these email accounts to proposition four females under the age of sixteen and one female who was sixteen years of age, all living in Maine, to engage in sexual conduct with him. Without repeating all of the unseemly details, Gravenhorst, forty-five years old at the time, posed as a nineteen-year-old college student named Justin Foxe and sent numerous graphic emails asking these minors for sex. In addition, Gravenhorst emailed these minors sexually-charged images, including a picture of a man and woman having intercourse and a picture of an erect penis.

On these facts, a federal grand jury in the District of Maine presented an eleven count indictment charging Gravenhorst with four counts of attempting to induce a minor to engage in unlawful sex acts, *see* 18 U.S.C. § 2422(b) (counts one through four); six counts of transferring obscene matter to a minor, *see* 18 U.S.C. § 1470 (counts five through ten); and one count of using an interactive computer service to carry obscene material in interstate commerce, *see* 18 U.S.C. § 1462 (count eleven). After a two-day trial, a petit jury convicted Gravenhorst on all counts. The district court sentenced Gravenhorst to 96–month

concurrent prison terms for each of the first ten counts and a concurrent term of 60 months for count eleven. The court also sentenced Gravenhorst to three years of supervised release and ordered him to pay special assessments in the amount of $1,100.

Gravenhorst argues that the district court erroneously instructed the jury on the definition of obscenity for counts five through eleven.[1] *See* 18 U.S.C. § 1470; 18 U.S.C. § 1462. Because Gravenhorst did not object to the instruction, we consider the claim only for plain error. *See United States v. Colon Osorio*, 360 F.3d 48, 52 (1st Cir.2004) (stating the elements of the plain error standard).

■ The challenged instruction provided:

Material is obscene when one, the average person applying contemporary community standards would find that the material taken as a whole is in some way erotic and appeals to a degrading, unhealthy or morbid interest in sex, as distinguished from normal healthy desires.

Two, the average person applying contemporary community standards would find that the material depicts or describes ultimate sex acts, masturbation, or lewd exhibition of the genitals in a patently offensive way.

And, three, a reasonable person would find that the material taken as a whole, lacks serious artistic, political, or scientific value.

Gravenhorst contends that this instruction incorrectly equated eroticism with obscenity and thus permitted a conviction for transferring merely "erotic" (i.e., non-obscene material). We believe it was not plain error to include the term "erotic" in the instruction. The relevant instruction used the conjunctive to explain that obscene material had to be *both* "erotic" *and* "appealing to a degrading, unhealthy or morbid interest in sex."[2] The district court's use of "erotic" in this manner appears consistent with the Supreme Court's use of the term in *Cohen v. California*, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971).

■ In *Cohen*, the Supreme Court considered a defendant's challenge to his conviction for wearing a jacket stating, "Fuck the Draft." *Id.* at 16, 91 S.Ct. 1780. The Court held that this language was not obscene. In so holding, it noted that "[w]hatever else may be necessary . . . to prohibit obscene expression, such expression must be, in some significant way, erotic." *Id.* at 20, 91 S.Ct. 1780. The Court went on to conclude that a vulgar allusion to the draft would not cause sexual stimulation and therefore could not be erotic. *See id.* Thus, under *Cohen*, for language to be obscene, the fact finder must determine that the allegedly obscene language had some sexual connotation.

The obscenity claims derive from Gravenhorst's choice of language and the sexually-charged images that he sent in the

---

1. Gravenhorst raises several claims by way of a *pro se* brief which we do not discuss in the text. We have fully considered these claims and summarily reject them because the arguments are either underdeveloped or are not worthy of extended appellate discussion. *See United States v. Fazal–Ur–Raheman–Fazal*, 355 F.3d 40, 44 n. 2 (1st Cir.2004).

2. At oral argument, Gravenhorst's counsel suggested that, because the district court used "erotic" at the outset of the obscenity definition, the jury likely focused on this term to the exclusion of the rest of the instruction. In making this argument, counsel overlooked that the court provided the jurors with written copies of the instructions, thereby giving them a clear opportunity to appreciate the instruction's compound nature.

relevant emails. A jury instruction on obscenity should track the principles articulated by the Supreme Court in *Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) (stating that for material to be obscene the work must appeal to the prurient interest, describe sexual conduct in a patently offensive way, and lack serious literary, artistic, or scientific value). In this case an instruction mirroring the Maine obscenity statute, which itself tracks *Miller*, would have sufficed. *See* 17 M.R.S.A. § 2911. Regardless, it certainly was not *plain* error for the district court also to incorporate *Cohen's* use of erotic in the instruction.[3] *See United States v. Patel*, 370 F.3d 108, 118 (1st Cir.2004).

■ In addition to his claims of trial error, Gravenhorst, through counsel's brief and his *pro se* brief, raises several ineffective assistance of counsel claims. Such claims cannot make their debut on direct review unless "the critical facts are not genuinely in dispute and the record is sufficiently developed to allow [for their] reasoned consideration." *United States v. Reyes*, 352 F.3d 511, 516 (1st Cir.2003) (citation omitted).

Gravenhorst's ineffective assistance claims are less than clear. He contends that there were "numerous instances where trial counsel should have acted in [his] best interests" but did not do so. He then provides examples of counsel's alleged failings but does not supply developed argument for why these actions were ineffective. The government requests that we address (and reject) certain of Gravenhorst's arguments now and defer the rest to the collateral proceedings under 18 U.S.C. § 2255. In our view, the better course is to defer all of Gravenhorst's ineffective assistance claims to the § 2255 proceedings so that he may have an opportunity for a court to review these claims after thorough briefing and further factual development.

*Affirmed.*

---

**3.** To the extent that the word "erotic" in modern usage can denote material that while prurient is nonetheless not legally obscene, an instruction might simply emphasize, as the district court did here, that the material must as a whole appeal to a degrading, unhealthy or morbid interest in sex, but without making specific reference to the term "erotic."